SHARP, Judge.
Raymond D. Coates, the foreign personal representative of the Estate of Josephine C. Purnell, appeals from an order requiring him to return estate assets from Maryland to Florida. Because Coates properly received the assets in Maryland pursuant to section 734.101(4), Florida Statutes (1983), we reverse.
In 1965, Purnell opened a trust account at First Federal Savings and Loan Association of New Smyrna Beach (the bank), naming herself trustee on behalf of Charles E. Kelly. In 1966, Kelly died, while residing in Maryland. In 1979, Purnell, also a Maryland resident, died. The Maryland court appointed Coates personal representative of her estate. Iola Purnell Pitts was the sole beneficiary of Purnell’s will. The will was probated in Maryland and Pur-nell’s estate was closed in 1980. The Florida trust account was not included as part of the probate estate.
In 1983, the appellee, a private investigative agency, discovered the account and advised Pitts. Pitts assigned a portion of her interest in the account to the agency and authorized it to collect the balance for her benefit. Meanwhile, Coates petitioned the Maryland court to reappoint him personal representative of Purnell’s estate to dispose of the newly discovered asset. The Maryland court reappointed Coates and issued Letters of Administration in December 1983.
By letter dated December 14, 1983, Coates notified the private investigative agency of the Maryland proceedings. Coates then sent copies of the Maryland Letters of Administration to the bank. After waiting sixty days, and without being notified of any adverse claim, the bank sent the funds in the account to Coates in Maryland, pursuant to section 734.101(4), Florida Statutes (1983). It provides:
All persons indebted to the estate of a decedent, or having possession of personal property belonging to the estate, who have received no written demand from a personal representative or curator appointed in this state for payment of the debt or the delivery of the property are authorized to pay the debt or to deliver the personal property to the foreign personal representative after the expiration of 60 days from the date of his appointment.
After Coates sent copies of the Maryland Letters of Administration to the bank but before the bank transmitted the funds to Coates, the appellee filed a Petition for Summary Administration in Volusia County, Florida which was not served upon the bank. It sought to obtain possession of the account by virtue of Pitts’ status as sole beneficiary under Purnell’s will and her assignment to the appellee. On May 14, 1984, after the bank had transmitted the funds to Coates in Maryland, the Florida court rendered an Order of Summary Administration distributing the account as follows: 55% to Pitts and 45% to the investigative agency.
Thereafter, the appellee moved for a contempt order against Coates for his failure to pay 45% of the account to it in accordance with the Order of Summary Adminis *440 tration. The Florida court denied the motion for contempt but gave the appellee leave to file a Motion to Compel Return of Assets to Florida. The appellee did so and on November 1, 1984, the Florida court granted the motion, and ordered Coates to return the funds to the Florida court. On January 8, 1985, the Maryland court enjoined Coates from returning the funds to Florida.
The appellee neither alleged below nor asserts on appeal that Coates surreptitiously acquired the funds in the account. Moreover, the record reflects Coates and the bank complied with section 734.101(4), Florida Statutes (1983). Under these circumstances, after the bank sent the funds to Coates in Maryland, the Florida court no longer had any estate assets in Florida to administer and since the decedent was not a Florida resident, it was without subject matter jurisdiction to proceed further. The appellee’s remedy against the estate, if any, lies in the Maryland court.
REVERSED.
COBB, C.J., and UPCHURCH, J., concur.